**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000055
30-APR-2018
08:27 AM**

NO. CAAP-16-0000055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

E*TRADE BANK, Plaintiff-Appellee,
v.
KELLY DEAN MILLER; LEE MILLER LANE,
Defendants-Appellants,
and
GMAC MORTGAGE, LLC; EWA BY GENTRY
COMMUNITY ASSOCIATION, Defendants-Appellee,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE
CORPORATIONS 1-20; DOE ENTITIES 1-20;
DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1427)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

In this appeal arising out of a foreclosure action,
Defendants-Appellants Kelly Dean Miller and Lee Miller Lane
(collectively "Appellants") appeal from the December 31, 2015
Order Denying Defendants Kelly Dean Miller and Lee Miller Lane's
Rule 60(b) Motion Filed 07/17/2015 ("December 31, 2015 Post-
Judgment Order"), entered by the Circuit Court of the First
Circuit ("Circuit Court")[1] in favor of Plaintiff-Appellee
E*Trade Bank. The December 31, 2015 Post-Judgment Order denied
the July 17, 2015 Hawai'i Rules of Civil Procedure ("HRCP") Rule

_____

[1] The Honorable Bert I. Ayabe presided.

60(b) motion for relief from the order granting confirmation of the foreclosure sale ("Rule 60(b) Motion"). The Rule 60(b) Motion sought relief from the November 20, 2015 order granting E*Trade Bank's Motion for Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, and Directing Conveyance ("Foreclosure Decree"), and the November 20, 2015 Judgment.

On appeal, Appellants contend that the Foreclsoure Decree and Judgment are void and unenforceable under HRCP Rule 60(b)(4) and (6) because the Circuit Court lacked jurisdiction over the case due to the fact that E*Trade Bank was a foreign bank that was not in good standing with the State of Hawaiʻi at the time that it filed its complaint. Appellants assert that "all proceedings [that E*Trade Bank] has maintained 'in any court in this State' are void 'until it obtains a certificate of authority.'" Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Appellants' point of error as follows and affirm.

"[A] judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." *Cvitanovich-Dubie v. Dubie*, 125 Hawaiʻi 128, 139, 254 P.3d 439, 450 (2011) (quoting *In re Hana Ranch Co.*, 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982)). There are limits on collaterally attacking subject matter jurisdiction: "[I]f a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned." *Dillingham Inv. Corp. v. Kunio Yokoyama Tr.*, 8 Haw. App. 226, 233-34, 797 P.2d 1316, 1320 (1990) (quoting 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.252, at 60-225 (2d ed. 1990)).

Here, there is no challenge based on personal jurisdiction or on due process grounds.[2] Arguing that E*Trade Bank lacks standing is not equivalent to challenging a court's subject matter jurisdiction under HRCP Rule 60(b)(4). *See Nationstar Mortg. LLC v. Akepa Properties LLC*, Nos. CAAP-15-0000407 and CAAP-15-0000727, 2017 WL 1401468 at *2-3 (Haw. Ct. App. April 19, 2017). *Cf. Mortgage Elec. Registration Sys., Inc. v. Wise*, 130 Hawaiʻi 11, 17-18, 304 P.3d 1192, 1198-99 (2013) (precluding borrowers from challenging the lender's nominee's standing to bring foreclosure action).[3]

Finally, even if we were to reach the merits of Appellants' claim, E*Trade Bank was not "transacting business" within the meaning of Hawaii Revised Statutes ("HRS") section 414-431. *See* Haw. Rev. Stat. § 414-431(b)(8) (2004) (providing that "[t]he following activities, among others, do not constitute transacting business within the meaning of [HRS section 414-431(a)]: . . . (8) . . . enforcing mortgages and security interests in property securing the debts"); *LaSalle Bank Nat'l Ass'n v. Roth*, No. 30626, 2014 WL 1271055, at *3 (Hawaiʻi Ct. App. March 28, 2014) ("While Chapter 414 requires a certificate of good standing to 'transact business' in Hawaiʻi, conducting mortgage-related activities or enforcing its rights under the Note and Mortgage, do not constitute 'transacting business' within the meaning of that chapter." (citing Haw. Rev. Stat. §§ 414-431(b)(7) and (8) (2004))). Moreover, "[i]t is well-established that a foreign corporation which is not required to register in Hawaii may nevertheless sue or be sued in the State's courts." *Cowan v. First Ins. Co. of Hawaii*, 61 Haw. 644,

---

[2] Furthermore, "a party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run 'must establish the existence of "extraordinary circumstances" that prevented or rendered him unable to prosecute an appeal.'" *Citicorp Mortg., Inc. v. Bartolome*, 94 Hawaiʻi 422, 436, 16 P.3d 827, 841 (App. 2000) (quoting *Hana Ranch*, 3 Haw. App at 147, 642 P.2d at 942). Appellants make no effort that we can observe to establish such circumstances, and thus we deem the contention waived. Haw. R. App. P. 28(b)(7).

[3] Raising these issues in a motion for relief improperly relitigates the merits of the foreclosure proceedings, which is precluded by the doctrine of res judicata. *See Wise*, 130 Hawaiʻi at 17-18, 304 P.3d at 1198-99; *Bank of New York Mellon v. R. Onaga, Inc.*, 140 Hawaiʻi 358, 368, 400 P.3d 559, 569 (2017).

648 n.3, 608 P.2d 394, 398 n.3 (1980) (citing *Benham v. World Airways, Inc.*, 253 F. Supp. 588 (D. Hawaii 1966)).

For these reasons, the December 31, 2015 Post-Judgment Order is affirmed.

DATED:  Honolulu, Hawai'i, April 30, 2018.

On the briefs:

William H. Gilardy, Jr.
for Defendants-Appellants.

Peter T. Stone
(TMLF Hawaii, LLLC;
Daisy Lynn B. Hartsfield, of
counsel, with him on the brief)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge